■    NET REALTY HOLDING TRUST et al., Appellants, v TRIPLE J. SHOPPING CENTER MAINTENANCE AND CONSTRUCTION COMPANY, INC., Respondent.—In an action by the owner-landlord of four shopping centers and its managing agent to recover compensatory and punitive damages for alleged breach of a contract to render snow removal services at the shopping centers, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated March 5, 1979, which denied the branch of their motion which sought to remove to the Supreme Court, and consolidate with the Supreme Court action, an action brought against the owner-landlord in the District Court of Nassau County by a tenant for alleged breach of a lease requirement providing for snow removal services. The order also failed to grant the branch of plaintiffs' motion which sought to strike the note of issue and statement of readiness filed by the defendant in the Supreme Court action. Order affirmed, without costs or disbursements. At Special Term, appellants' motion and averments in support thereof were to the effect that the Supreme Court action was *not* ready for trial. Appellants' notice of appeal and preargument statement, by embracing Special Term's failure to strike the action from the Supreme Court calendar, are consistent with their position at Special Term that the Supreme Court action was *not* ready for trial. Appellants now argue in their brief, however, that Supreme Court action *was* ready for trial because a note of issue and statement of readiness had been filed in the Supreme Court, albeit by the defendant. This argument is thus the direct opposite of appellants' position at Special Term, and in their notice of appeal and preargument statement. We conclude that the decision of Special Term was supported by the record before it, is correct and should be affirmed. Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.

■    POINT TENNIS CO., INC., Appellant, v IRVIN INDUSTRIES, INC., Respondent.—In an action, *inter alia,* to recover damages for breach of warranty, plaintiff appeals from an order of the Supreme Court, Nassau County, dated May 3, 1978, which denied its motion to strike the affirmative defenses of defendant and granted defendant's cross motion for summary judgment dismissing the complaint as untimely. Order affirmed, with $50 costs and disbursements, on the opinion of Mr. Justice Levitt at Special Term. Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.